Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1926 | **DATE** | May 23, 2002 |
| **CASE TITLE** | *Trustmark Insurance Co. v. General Cologne Life Re of America* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court rules as follows: (1) Defendant General Cologne Life Reinsurance of America's Motion to Alter or Amend Judgment [37-1] is DENIED; and (2) Plaintiff Trustmark Insurance Company's Motion for Reconsideration [39-1] is DENIED. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUN 03 2002 | 49 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RTS | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 3 2002

| | |
|---|---|
| TRUSTMARK INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENERAL COLOGNE LIFE RE ) <br> OF AMERICA, ) <br> ) <br> Defendant. ) | Hon. Blanche M. Manning <br><br> 00 C 1926 |

## MEMORANDUM AND ORDER

Plaintiff Trustmark Insurance Company ("Trustmark") brought the instant diversity action for breach of contract and promissory estoppel against Defendant General Cologne Life Reinsurance of America ("Cologne") stemming from an alleged joint venture agreement that Cologne allegedly entered into with Trustmark to reinsure a block of individual disability insurance ("IDI") policies. On October 22, 2001, the Court granted Cologne's Motion for Summary Judgment on Counts I-IV (breach of contract claims) and denied the motion as to Count V (claim for promissory estoppel). The Court also denied Trustmark's Motion for Leave to Amend Its Original Complaint. The instant matter comes before the Court on the parties' motions to alter or amend the October 22, 2001 Memorandum and Order, pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, both motions are DENIED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a litigant to alter or amend a judgment. As a general matter, however, Rule 59(e) does not permit a party to merely rehash previously raised arguments. Lewis v. Herman, 783 F. Supp. 1131, 1132 (N.D. Ill.1991). "The only grounds for a

Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.1998). Rule 59 does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). This "court's orders [are not] 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" Thompson v. Perryman, No. 98 C 1596, 1998 WL 786221 (N.D. Ill. Nov. 6, 1998).

To succeed on a motion to reconsider pursuant to Rule 59(e), the moving party must raise either "newly discovered evidence or a manifest error of law or fact." Caisse Nationale de Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1269 (7th Cir.1996); Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Whether to grant a Rule 59 motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996).

## ANALYSIS

In response to this Court's October 22, 2001 Memorandum and Order, the parties have requested that this Court reconsider the following rulings: (I) the denial of summary judgment of Count V (the promissory estoppel claim); (II) the finding that no joint venture exists as a matter of law; and (III) the denial of Cologne's motion to amend its original complaint to add a claim for equitable estoppel. The Court will discuss each of these contentions in turn.

### I. Denial of Summary Judgment on the Promissory Estoppel Claim

In denying Cologne's motion for summary judgment as to Count V, this Court held that the doctrine of partial performance precluded Cologne from asserting the statute of frauds to bar

2

Trustmark's promissory estoppel claim (Count V). Cologne has moved this Court to reconsider this decision on the grounds that: (A) the doctrine of partial performance does not take Trustmark's promissory estoppel claim out of the statute of frauds; and (B) the actions of partial performance alleged cannot be attributed "exclusively" to the alleged promises.

Illinois law holds that "promissory estoppel cannot sustain a claim based on promises otherwise barred by the statute of frauds." <u>Barrett v. Poag & Mcewen Lifestyle Centers-Deer Park Town Center</u>, 1999 WL 69185, at *11 (N.D. Ill. Aug. 26, 1999). See also <u>Haas Auto. Imports, Inc. v. Lola Cars Ltd.</u>, 933 F. Supp. 1381, 1390 (N.D. Ill. 1996) ("Illinois courts have rejected the notion that the doctrine of promissory estoppel . . . can rescue a claim based on promises that would otherwise be barred by the statute of frauds").

Under this rule, if this Court found that a joint venture existed but was barred by the statute of frauds, then clearly Trustmark could not assert a claim for promissory estoppel based on representations that were made in the course of the alleged joint venture. However, this Court found that a joint venture did not exist because Trustmark failed to present sufficient evidence that the parties shared the requisite joint control over the alleged joint venture. Therefore, because this Court did not specifically rule on whether the statue of frauds bars the enforcement of the alleged joint venture, the above rule does not apply to Trustmark's promissory estoppel claim.

The Court did find, however, that there was a question of fact as to whether Trustmark partially performed under the belief that there was a joint venture. Accordingly, the Court finds that the statute of frauds would not have barred Trustmark's claim for breach of contract under the alleged joint venture if this Court would have found that a joint venture existed. Therefore,

3

the above authorities would not bar the application of promissory estoppel because the promises upon which Trustmark's promissory estoppel claim is based upon, the alleged joint venture, are "not otherwise barred by the statute of frauds." Barrett, 1999 WL 69185, at *11.

Cologne, however, attempts to avoid the above rule, by arguing that the doctrine of partial performance does not apply to Trustmark's claim for promissory estoppel because the claim seeks only monetary damages.

To remove an action from the operation of the statute of frauds under the doctrine of part performance, the plaintiff "must request equitable relief." Owen v. Mark Twain Boat Co., Inc., 1990 WL 133227, at *5 (N.D. Ill. Sept. 12, 1990). See also Dickens v. Quincy College Corp., 615 N.E.2d 381, 385 (Ill. App. Ct. 1993); Cohn v. Checker Motors, 599 N.E.2d 1112 (Ill. App. Ct. 1992). Thus, where a plaintiff "seeks only money damages," the partial performance exception to the statute of frauds is unavailable. Fischer Inc. v. First Chicago Capital Markets, Inc., 195 F.3d 279, 283 (7th Cir. 1999).

Here, in its prayer for relief in its claim for promissory estoppel (Count V), Trustmark seeks "actual monetary damages according to proof at trial." (Compl. at ¶ 47.) Therefore, on its face, Trustmark's claim for promissory estoppel "seeks only money damage," and thus, the partial performance exception to the statute of frauds is unavailable. Fischer, Inc., 195 F.3d at 283. However, Trustmark did seek equitable relief in Counts I and II and these counts were incorporated into Count V. Therefore, although not specifically requested in Count V, this Court finds that Trustmark's claim for promissory estoppel did seek both equitable and monetary relief.

This finding is not contrary to the cases cited by Cologne, which all found that the plaintiff had failed to seek equitable relief in any of its claims, not just the promissory estoppel

claim. For example, in Dickens, 615 N.E.2d at 385, affirming the dismissal of an action for breach of contract and promissory estoppel under the statute of frauds, the Illinois Appellate Court held that "the fact that the plaintiff sought money damages in both counts precluded him from raising the partial performance exception to the statute of frauds." Likewise, in Cohn, 599 N.E.2d at 844-45, affirming summary judgment in favor of the defendant, the Illinois Appellate Court held that the partial performance exception did not bar the defendant from asserting the statute of frauds because the plaintiff only sought money damages in his breach of contract and promissory estoppel claims. The Seventh Circuit applied the above Illinois authorities in holding that the partial performance exception did not preclude the application of the statute of frauds to claims for breach of contract and promissory estoppel where the plaintiff sought "only monetary damages." Fischer, 195 F.3d at 283. See also Owen, 1990 WL 133227, at *5 (granting a motion to dismiss breach of contract and promissory estoppel claims under the statute of frauds, the court held that the part performance exception did not preclude the application of the statute of frauds where the plaintiff failed to "request equitable relief").

Because this Court finds that Trustmark's claim for promissory estoppel seeks both equitable and monetary relief, the Court finds that it did not err in holding that the doctrine of partial performance precluded Cologne from asserting the statute of frauds to bar Trustmark's promissory estoppel claim, and therefore, the October 22, 2001 Memorandum and Order properly denied Cologne's Motion for Summary Judgment as to Count V (promissory estoppel). Accordingly, this Court DENIES Cologne's Motion to Alter and Amend the October 22, 2001

5

Memorandum and Order.[1]

## II. Finding that Trustmark Failed to Prove the Existence of a Joint Venture

Trustmark has also filed a motion requesting that this Court reconsider the portion of its Memorandum and Order finding that no joint venture exists as a matter of law, and therefore, ruling that summary judgment is appropriate as to Counts I-IV of Trustmark's Complaint because each of these counts are based on the existence of an alleged joint venture. Trustmark contends that this Court's decision was erroneous because: (1) the decision "is premised on a fundamental misunderstanding of both the nature of the joint venture and the evidence Trustmark produced in support of it"; and (2) "the Court committed manifest errors of law in granting summary judgment." Specifically, Trustmark alleges, in spite of this Court's finding to the contrary, that Trustmark and Cologne had "mutual control" over the alleged joint venture because: (1) the parties agreed to divide the work associated with the alleged joint venture along functional lines; and (2) the letter of intent was binding.

After reviewing Trustmark's argument and its authorities cited in support, this Court denies Trustmark's motion because it has failed to raise either "newly discovered evidence or a manifest error of law or fact" as to the Court's prior Memorandum and Order. As explained in this Court's October 22, 2001 Memorandum and Order, although this Court may infer that the parties entered into a joint venture from the facts and circumstances, Trustmark must allege sufficient facts for the Court "to at least be able to infer each of the elements from the facts and

---

[1] As for Cologne's argument that the actions of partial performance alleged cannot be attributed "exclusively" to the alleged promises, this Court finds that Cologne has simply restated the arguments this Court previously rejected. Therefore, the Court summarily rejects this argument. See Caisse Nationale de Credit Agricole, 90 F.3d at 1269.

6

conclusions alleged." Indus. Hard Chrome, Ltd. v Hetran, Inc., 90 F. Supp. 2d 952, 955 (N.D. Ill. 2000). "Possibly, the most important criterion of a joint venture is joint control and management of the property used in accomplishing its aims." Herst v. Chark, 579 N.E.2d 990, 992 (Ill. App. Ct. 1991). Therefore, courts must determine whether the parties exerted a "right to direct and govern the policy and the conduct of the other in connection with the joint venture." Barton v. Evanston Hosp., 513 N.E.2d 65, 67 (Ill. App. Ct. 1987). See also Secon Serv. Sys., Inc. v. St. Joseph Bank & Trust Co., 855 F.2d 406, 416 (7th Cir.1988). Finding a right to manage or control requires finding some right by the parties to direct and govern the conduct of each other in connection with the joint venture. Edward Hines Lumber Co. v. Vulcan Materials Co., 861 F.2d 155, 158 (7th Cir.1988). In addition, courts consider "whether the parties manage their own affairs separately, whether they appoint persons to management positions within the joint venture, whether they control the methods or policies used by each other, whether they exert or attempt to exert control over the work of the joint venture, and whether any right to control is one-sided rather than mutual." Quadro Enter., Inc. v. Avery Dennison Corp., 97 C 5402, 2000 WL 1029176, at *7 (N.D. Ill. July 26, 2000). See also O'Brien, 591 N.E.2d at 1388-89; Barton, 513 N.E.2d at 67-68; Clapp v. JMK.Skewer, Inc., 484 N.E.2d 918, 920-21 (Ill. App. Ct. 1985); O'Neil v. Continental Ill. Nat'l Bank & Trust Co., No. 84 C 9398, 1985 WL 2710, at *10-11 (N.D. Ill. Sept. 25, 1985); Palin Mfg. Co. v. Water Tech., Inc., 431 N.E.2d 1310, 1315 (Ill. App. Ct. 1982); Elec. Contractors, Inc. v. Goldberg & O'Brien Elec. Co., 331 N.E.2d 238, 242 (Ill. App. Ct. 1975).

Here, this Court finds that Trustmark has failed to show joint control between Trustmark and Cologne. The undisputed facts show that neither Trustmark nor Cologne could: (1) force the

other party to enter into potential IDI transactions unless the other party consented; or (2) compel the other to use its employees and resources to evaluate proposed IDI purchases. For example, during his deposition, Trustmark's Koloms was asked the following: "Cologne couldn't force Trustmark to do a deal that Trustmark didn't want to do?" (Koloms Dep. at 82.) Similarly, Koloms was asked "if Trustmark wanted to do a deal, a deal became available, you looked at it and Cologne looked at it, and Cologne didn't want to do it, Trustmark couldn't make Cologne do it?" (Id. at 175-76.) In response to both of these questions, Koloms answered "correct." (Id. at 82, 175-76.) Likewise, Trustmark's Bell testified that neither party could compel the other to enter into a transaction. (Bell Dep. at 140-41.) As for control over the other party's employees and resources, Bell testified that neither party had the right to insist that the other's employees perform a particular task. (Bell Dep. at 137-39.) Moreover, in evaluating the Hartford Block, although Cologne included certain assumptions in its valuation model, there is no evidence that Trustmark could set policy or control Cologne's operations. Consequently, because neither Trustmark nor Cologne could force the other party to enter into a potential IDI transaction, compel the other to use its employees and resources with respect to the purchase of the Hartford Block, or control each other's operations or policies, this Court finds that Trustmark has failed to prove the required element of "mutual control."

Trustmark, contends that this Court erred in finding that a joint venture did not exist as a matter of law because: (1) the parties divided control along functional lines with Cologne performing due diligence and pricing of the Hartford Block, Trustmark handling claims administration, and both parties sharing in the risk; and (2) Cologne reviewed and commented on drafts of the Letter of Intent which bound the parties to reinsure the Hartford Block.

In support of these contentions, Trustmark cites Ambuul v. Swanson, 516 N.E.2d 427 (Ill. App. Ct. 1987) and Herst v. Chark, 579 N.E.2d 990 (Ill. App. Ct. 1991). These cases, however, are distinguishable from the instant case. For example, in Ambuul, 516 N.E.2d at 429, two parties entered into a written agreement to purchase and rehabilitate a building. The written agreement provided for an allocation of profits between the two participants when the building was sold. Id. Appealing the trial court's decision that a joint venture existed, the defendant contended that a joint venture "did not exist since plaintiff had no right to control the management of the building." Id. at 430. Rejecting this argument, the Illinois Appellate Court held that "[t]he fact that plaintiff did not participate in the day-to-day management of the enterprise does not . . . preclude the existence of a joint venture." Id. Looking at the facts and circumstances of the enterprise, the court found that the parties agreed that the defendant would contribute labor and expertise in building rehabilitation and the plaintiff would manage the day-to-day operation of the enterprise. Id. However, although the defendant did not specifically participate in the management of the building, the plaintiff consulted with and obtained the defendant's approval on major management decisions. Id. Therefore, the court found that the "facts and circumstances" supported the plaintiff's contention that the parties agreed to joint control and management. Id.

Here, in contrast to Ambuul, there is no evidence that the parties sought approval for work that they performed regarding the potential purchase of the Hartford Block. Moreover, unlike Ambuul, where the parties consulted with each other after they entered into a written agreement, Cologne's alleged act of reviewing and commenting on drafts of the Letter of Intent occurred before Trustmark entered into the Final Purchase Agreement. Under Illinois law,

9

parties may conduct preliminary consultations "without fear that by reaching a preliminary understanding they have bargained away their privilege to disagree on the specifics." Empro Mfg. v. Ball-Co. Mfg., Inc., 870 F.2d 423, 426 (7th Cir. 1989). Consequently, this Court finds that Trustmark's reliance on Ambuul is misplaced.

In Herst, 579 N.E.2d at 992, the parties were involved in an enterprise to perform debt collection. Appealing the trial court's decision that a joint venture existed, the defendant contended that the parties lacked the right of joint control. Id. Because there was no written agreement specifically creating a joint venture, the appellate court looked to the facts and circumstances surrounding the enterprise. Id. at 993. The court found that the parties entered into a "Memo and Understanding," which specified that the parties "were to divide the business along two functional lines," with one party working on marketing and the other performing the actual collection work. Id. Therefore, the court found that "[t]he fact that [the plaintiff] did not participate in the management of the collection portion of the enterprise does not . . . preclude the existence of a joint venture." Id.

Here, unlike Herst, Trustmark has failed to present any evidence that it had a right to control or govern JHA's work on the valuation of the Hartford Block or that the parties agreed to divide the work along functional lines. The fact that JHA's valuation model included certain assumptions requested by Trustmark is consistent with a joint investigation of a potential investment opportunity and not evidence of the right of joint control. Moreover, the fact that Trustmark participated in the evaluation of the Hartford Block directly contradicts Trustmark's contention that the parties had divided the work along functional lines with Cologne handling due diligence and Trustmark performing claims administration.

10

Consequently, because Trustmark has failed to demonstrate newly discovered evidence, an intervening change in the controlling law, or manifest error of law, this Court denies Trustmark's motion for reconsideration.

### III. Denial of Motion to Amend Complaint

Trustmark also requests that this Court reconsider the portion of its October 22, 2001 Memorandum and Order denying Trustmark's Motion for Leave to Amend its Original Complaint to add a count for equitable estoppel. This request, however, was not made with Trustmark's other timely motion for reconsideration. Instead, Trustmark makes this request in its response to Cologne's Motion to Alter or Amend.

Rule 59(e) requires that all motions to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Motions filed after 10 days are treated as motions under Rule 60(b). U.S. v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992); Hindin/Owen/Engelke, Inc. v. Grim Indus., Inc., 869 F. Supp. 539, 546 (N.D. Ill. 1994). Under Rule 60(b), a party may request that the court:

> relieve [the party] from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Here, Trustmark's request for reconsideration of this Court's October 22, 2000, denial of Trustmark's Motion for Leave to Amend its Original Complaint was filed on December 13, 2001, with its response to Cologne's Motion to Alter or Amend. Therefore, because Trustmark

has not met Rule 59's stringent time requirement of 10 days after the order is entered, this Court will treat this request as a Rule 60 motion. Trustmark's request, however, does not allege any of the six grounds for relief of an order which are required under Rule 60. Consequently, this Court denies Trustmark's request that this Court reconsider the portion of its October 22, 2001 Memorandum and Order denying Trustmark's Motion for Leave to Amend its Original Complaint to add a count for equitable estoppel.

## CONCLUSION

For the foregoing reasons, this Court rules as follows: (1) Defendant General Cologne Life Reinsurance of America's Motion to Alter or Amend Judgment [37-1] is DENIED; and (2) Plaintiff Trustmark Insurance Company's Motion for Reconsideration [39-1] is DENIED. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 5-23-02