# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1926 | **DATE** | July 10, 2003 |
| **CASE TITLE** | *Trustmark Insurance Co. v. General Cologne Life Re of America* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court GRANTS Plaintiff Trustmark's Motion to Strike Defendant's Untimely Addendum to Expert Witness Report of William J. Bossi [80-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 85 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 00 C 1926 |
| | ) | |
| GENERAL COLOGNE LIFE RE | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
**JUL 1 6 2003**

## MEMORANDUM AND ORDER

Plaintiff Trustmark Insurance Company ("Trustmark") brought the instant diversity action for breach of contract and promissory estoppel against Defendant General Cologne Life Reinsurance of America ("Cologne") stemming from an alleged joint venture agreement that Cologne allegedly entered into with Trustmark to reinsure a block of individual disability insurance ("IDI") policies. The instant matter comes before the Court on Trustmark's Motion to Strike Defendant's Untimely Addendum to Expert Witness Report of William J. Bossi. For the reasons set forth herein, the Court GRANTS this motion.

Shortly after this action was filed, this Court entered a Scheduling Order mandating that: (1) Trustmark disclose its expert testimony by January 31, 2001; (2) Cologne disclose its expert's report by March 2, 2001; (3) the parties depose the other side's experts by March 30, 2001; (4) Trustmark turnover any rebuttal by its expert by April 13, 2001; and (5) Cologne depose Trustmark's expert on any rebuttal by April 27, 2001. Despite this schedule and the fact that this case is set for trial on August 4, 2003, Cologne did not disclose its expert's rebuttal until May 13, 2003. Consequently, Trustmark brought the instant motion to strike Cologne's expert's rebuttal.

pursuant to Federal Rules of Civil Procedure 26(a)(2)(C) and 37(c)(1).

Rule 26(a)(2)(C) requires "disclosure to one's opponent of expert testimony intended for use as rebuttal evidence within 30 days of the opponent's disclosure of his expert testimony, unless the district court otherwise directs or the parties otherwise stipulate." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996). When a party fails to follow Rule 26(a)(2)(C)'s mandate, Rule 37(c)(1) requires the exclusion of the rebuttal testimony. Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). "[E]xclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Id. (emphasis added).

Here, it is undisputed that Cologne violated Rule 26(a)(2)(C) by not disclosing its expert's rebuttal until over two years after Trustmark's expert filed his report and rebuttal. Cologne, however, contends that its violation is both justified and harmless, and therefore, the rebuttal report should not be excluded from trial. Cologne asserts that the delay was justified because it was not sure if the rebuttal would even be relevant until after this Court ruled on its motion for summary judgment. This Court, however, ruled on the motion for summary judgment on October 22, 2001, over a year and a half before the rebuttal was disclosed. Consequently, this Court finds that Cologne has not shown that the delay was justified.

Cologne also contends that the delay was harmless because Trustmark has sufficient time to take its expert's deposition on his rebuttal report. While it is true that the report was filed over two months before the start of trial, this is not sufficient to make the delay harmless. See Nutrasweet Co. v. X-L Engineering Co., 227 F.3d 776, 786 (7th Cir. 2000) (filing of rebuttal report less than two months before trial was not harmless because the other party was "greatly

hampered in its ability to examine [the expert]"). Although Trustmark might have sufficient time to depose Cologne's expert, the trial date in this case has been set for some time and the final pretrial order and motions in limine were filed almost two weeks before the disclosure of the rebuttal report. Therefore, this Court finds that Trustmark would be substantially prejudiced if the rebuttal were permitted to be introduced at trial.

Accordingly, this Court GRANTS the motion to strike the expert's rebuttal.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Trustmark's Motion to Strike Defendant's Untimely Addendum to Expert Witness Report of William J. Bossi [80-1]. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 7-10-03

4