Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1926 | **DATE** | June 21, 2004 |
| **CASE TITLE** | *Trustmark Insurance Co. v. General Cologne Life Re of America* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court finds that the statute of frauds bars Trustmark's claim for promissory estoppel and therefore enters judgment in favor of Cologne.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 25 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 JUN 25 AM 7:43 | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 00 C 1926 |
| | ) | |
| GENERAL COLOGNE LIFE RE | ) | DOCKETED |
| OF AMERICA, | ) | JUN 2 5 2004 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before this Court for judgment after a bench trial on Plaintiff Trustmark Insurance Company's ("Trustmark") claim for promissory estoppel against Defendant General Cologne Life Reinsurance of America ("Cologne"). Normally, pursuant to Federal Rule of Civil Procedure 52, after carefully observing the trial and reviewing the transcript and trial exhibits, the Court would enter written findings of fact and conclusions of law based upon consideration of all the admissible evidence as well as this Court's own assessment of the credibility of the trial witnesses. Here, however, as explained below, because this Court finds that the statute of frauds bars Trustmark's promissory estoppel claim, the Court enters judgment in favor of Cologne without making formal findings of fact or conclusions of law on all the issues presented at trial.

Before discussing the application of the statute of frauds, however, the Court will briefly review the procedural history of this case. Trustmark initially brought this action seeking: (1) a declaratory judgment that Cologne is obligated under an alleged joint venture agreement that it made with Trustmark to reinsure a block of individual disability insurance policies ("IDI

Policies") from Hartford Insurance Company ("the Hartford Block") (Count I); (2) specific performance under the alleged agreement (Count II); (3) damages for breach of contract (Count III); (4) damages for breach of fiduciary duty (Count IV); and (5) damages for promissory estoppel (Count V). After extensive discovery and briefing, this Court granted Cologne's Motion for Summary Judgment as to Counts I-IV on the grounds that Trustmark failed to present sufficient evidence that a joint venture existed but denied the motion as to the claim for promissory estoppel because the doctrine of partial performance precluded assertion of the statute of frauds at that stage of the litigation.

On a motion to reconsider, Cologne contended that the doctrine of partial performance did not take Trustmark's promissory estoppel claim out of the statute of frauds because Trustmark sought only monetary damages in its claim. In denying this motion, the Court acknowledged that the doctrine of partial performance only applied to claims for equitable relief. Trustmark's complaint, however, sought both equitable and monetary relief and there was no evidence stating that monetary damages could provide complete relief. Therefore, the Court found that there was a genuine issue of material fact as to whether monetary damages could provide Trustmark complete relief and thus, denied summary judgment as to the promissory estoppel claim.

Now, after hearing all of the evidence and reviewing the parties' submissions, this Court finds that the doctrine of partial performance does not apply here because monetary damages give Trustmark an adequate legal remedy, and therefore, the statute of frauds bars Trustmark's

promissory estoppel claim.[1]

The parties do not dispute that under Illinois law, promissory estoppel is not an exception to the statue of frauds or that the statue applies to the alleged promise that Cologne would share in the risk to reinsure the Hartford Block. The question thus is whether the doctrine of partial performance – which is an exception to the statue of frauds – applies to Trustmark's claim for promissory estoppel.

The part performance doctrine is "rooted in the equitable concept of reliance," <u>Dickens v. Quincy College Corp.</u>, 615 N.E.2d 381, 385 (Ill. App. Ct. 1993), and applies "to cases where there [has] been such acts of performance by the party" so that it "cannot be restored to [its] original position." <u>Gibbon v. Stillwell</u>, 500 N.E.2d 965, 969 (Ill. App. Ct. 1986). The doctrine, however, does not apply where monetary damages give the aggrieved party an adequate legal remedy. See <u>Payne v. Mill Race Inn</u>, 504 N.E.2d 193, 199-200 (Ill. App. Ct. 1987) (part performance applies only where "it is impossible or impractical to . . . compensate the performing party for what he has parted with, or for the value of his performance"); <u>Gibbon</u>, 500 N.E.2d at 969 (refusing to apply doctrine of part performance where "the plaintiff had an adequate remedy at law for damages"); <u>Bensdorf & Johnson Cherry Payment Sys., Inc. v. Rogers</u>, 1995 WL 584062, at * 3 (N.D. Ill. Oct. 3, 1995) (noting that under Illinois law, "the availability of damages to compensate [the performing party] . . . will ordinarily preclude reliance on the equitable doctrine of partial performance").

Here, after carefully reviewing the evidence presented at trial, this Court finds that

---

1. The Court notes that in its prior arguments, Cologne simply contended that the doctrine of partial performance did not apply because Trustmark sought monetary damages, not that monetary damages provided a remedy which would make Trustmark whole.

3

monetary damages would fully compensate Trustmark for the full value of its performance, and therefore, the doctrine of partial performance is not available. In its Proposed Conclusions of Law, Trustmark seeks: (1) $5,724,129.93 in damages for 50% of the losses that it has allegedly incurred by reinsuring the entire risk on the Hartford Block; and (2) a judgment compelling Cologne to accept liability for any future losses on the policies. Trustmark contends that only a declaration requiring Cologne to pay for half of all future losses will give it complete relief. This contention, however, was contradicted by Trustmark's own witness. At trial, Trustmark's expert witness in actuarial science testified that it was possible to calculate the future estimated losses for the Hartford Block using a "gross premium valuation." (Tr. at 979-81.) Trustmark thus could be fully compensated for the full value of its performance by a monetary judgment. The partial performance exception to the statute of frauds is therefore not available in this case.

Accordingly, this Court finds that the statute of frauds bars Trustmark's claim for promissory estoppel.

## CONCLUSION

For the foregoing reasons, the Court finds that the statute of frauds bars Trustmark's claim for promissory estoppel and therefore enters judgment in favor of Cologne.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: JUN 2 1 2004

5