# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1926 | **DATE** | July 29, 2004 |
| **CASE TITLE** | *Trustmark Insurance Co. v. General Cologne Life Re of America* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court finds that the statute of frauds bars Trustmark's claim for promissory estoppel and therefore enters judgment in favor of Cologne.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 02 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 2004 JUL 33 AM 8:16 | date mailed notice | |
| RTS | courtroom deputy's initials | FILED-EOI | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 00 C 1926 |
| | ) | |
| GENERAL COLOGNE LIFE RE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before this Court for judgment after a bench trial on Plaintiff

Trustmark Insurance Company's ("Trustmark") claim for promissory estoppel against Defendant

General Cologne Life Reinsurance of America ("Cologne"). Normally, pursuant to Federal Rule

of Civil Procedure 52, after carefully observing the trial and reviewing the transcript and trial

exhibits, the Court would enter extensive written findings of fact and conclusions of law based

upon consideration of all the admissible evidence, as well as this Court's own assessment of the

credibility of the trial witnesses. Here, however, as explained below, because this Court finds

that the statute of frauds bars Trustmark's promissory estoppel claim, the Court enters judgment

in favor of Cologne, making limited formal findings of fact and conclusions of law only on the

issue of the statute of frauds.[1]

DOCKETED
AUG 2 2004

---

[1] In making limited findings of fact and conclusions of law, the Court is following the long held precedent that Rule 52(a) only requires that courts make findings and conclusions sufficient to support the ultimate decision. MacSteel Int'l USA Corp. v. Superior Prods. Co., Inc., 2002 WL 1967248, at *2 (N.D. Ill. May 28, 2002); Wright & Miller, Federal Practice and Procedure: Civil 2d §2579, at 539 (1995). The trial court need not make findings on all contested factual and legal issues, id., particularly when these issues are unnecessary or irrelevant to the court's final decision. See INS v. Bagamasbad, 429 U.S. 24, 25-26 (1976).

# Findings of Fact[2]

Trustmark initially brought this action seeking: (1) a declaratory judgment that Cologne is obligated under an alleged joint venture agreement that it made with Trustmark to reinsure a block of individual disability insurance policies ("IDI Policies") from Hartford Insurance Company ("the Hartford Block") (Count I); (2) specific performance under the alleged agreement (Count II); (3) damages for breach of contract (Count III); (4) damages for breach of fiduciary duty (Count IV); and (5) damages for promissory estoppel (Count V). After extensive discovery and briefing, this Court granted Cologne's Motion for Summary Judgment as to Counts I-IV on the grounds that Trustmark failed to present sufficient evidence that a joint venture existed but denied the motion as to the claim for promissory estoppel because the doctrine of partial performance precluded assertion of the statute of frauds at that stage of the litigation.

On a motion to reconsider, Cologne contended that the doctrine of partial performance did not take Trustmark's promissory estoppel claim out of the statute of frauds because Trustmark sought only monetary damages in its claim. In denying this motion, the Court acknowledged that the doctrine of partial performance only applied to claims for equitable relief. Trustmark's complaint, however, sought both equitable and monetary relief and there was no evidence stating that monetary damages could provide complete relief. Therefore, the Court found that there was a genuine issue of material fact as to whether monetary damages could provide Trustmark complete relief and thus, denied summary judgment as to the promissory estoppel claim.

---

[2] To the extent, if any, that findings of fact may be considered conclusions of law, they will be deemed conclusions of law. Similarly, to the extent that matters expressed as conclusions of law may be considered findings of fact, they will also be deemed findings of fact.

In contrast the facts before this Court at summary judgment, at trial, Trustmark's expert witness in actuarial science testified that it was possible to calculate the present value of the future estimated losses for the Hartford Block using a "gross premium valuation." (Tr. at 979-81.)

Consequently, after hearing all of the evidence and reviewing the parties' submissions, this Court now finds that the doctrine of partial performance does not apply here because monetary damages give Trustmark an adequate legal remedy, and therefore, the statute of frauds bars Trustmark's promissory estoppel claim.[3]

## Conclusions of Law

The parties do not dispute that under Illinois law, promissory estoppel is not an exception to the statute of frauds or that the statute applies to the alleged promise that Cologne would share in the risk to reinsure the Hartford Block. Thus, the question is whether the doctrine of partial performance – which is an exception to the statute of frauds – applies to Trustmark's claim for promissory estoppel.

The part performance doctrine is "rooted in the equitable concept of reliance," Dickens v. Quincy College Corp., 615 N.E.2d 381, 385 (Ill. App. Ct. 1993), and applies "to cases where there [has] been such acts of performance by the party" so that it "cannot be restored to [its] original position." Gibbon v. Stillwell, 500 N.E.2d 965, 969 (Ill. App. Ct. 1986). The doctrine, however, does not apply where monetary damages give the aggrieved party an adequate legal remedy. See Payne v. Mill Race Inn, 504 N.E.2d 193, 199-200 (Ill. App. Ct. 1987) (the doctrine

---

3 The Court notes that in its Motion for Summary Judgment, Cologne simply contended that the doctrine of partial performance did not apply because Trustmark sought monetary damages, not that monetary damages provided a remedy which would make Trustmark whole.

3

of partial performance applies only where "it is impossible or impractical to . . . compensate the performing party for what he has parted with, or for the value of his performance"); Gibbon, 500 N.E.2d at 969 (refusing to apply doctrine of part performance where "the plaintiff had an adequate remedy at law for damages"); Bensdorf & Johnson Cherry Payment Sys., Inc. v. Rogers, 1995 WL 584062, at * 3 (N.D. Ill. Oct. 3, 1995) (noting that under Illinois law, "the availability of damages to compensate [the performing party] . . . will ordinarily preclude reliance on the equitable doctrine of partial performance").

Here, after carefully reviewing the evidence presented at trial, this Court finds that monetary damages could adequately compensate Trustmark for the full value of its performance, and therefore, the doctrine of partial performance is not available. In its Proposed Conclusions of Law, Trustmark seeks: (1) $5,724,129.93 in damages for 50% of the losses that it has allegedly incurred by reinsuring the entire risk on the Hartford Block; and (2) a judgment compelling Cologne to accept liability for any future losses on the policies. Trustmark contends that only a declaration requiring Cologne to pay for half of all future losses will give it complete relief. This contention, however, was contradicted by Trustmark's own witness. At trial, Trustmark's expert witness in actuarial science testified that it was possible to calculate the present value of the future estimated losses for the Hartford Block using a "gross premium valuation." (Tr. at 979-81.) Because this testimony was uncontested, this Court finds that Trustmark could thus be adequately compensated for the value of its performance by a monetary judgment, and therefore, the partial performance exception to the statute of frauds is not available in this case.

Accordingly, this Court finds that the statute of frauds bars Trustmark's claim for promissory estoppel.

4

## CONCLUSION

For the foregoing reasons, the Court finds that the statute of frauds bars Trustmark's

claim for promissory estoppel and therefore enters judgment in favor of Cologne.

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATE:** _7-29-04_